**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| MANDY W. DOWSON, and KRISTIN J. BROUK, Individually and as Co-Personal Representatives of the Estate of BARBARA A. RICHARDSON, Deceased,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>DUTTON-LAINSON COMPANY, and MSC INDUSTRIAL DIRECT CO., INC.,<br><br>　　　　　　　　　　Defendants. | **4:17CV3158**<br><br>**AMENDED<br>FINAL PROGRESSION ORDER** |

　　　　This matter comes before the court on the Unopposed Motion to Extend Certain Pre-trial Deadlines ([Filing No. 58](#)). After review of the motion, the Court finds good cause to modify the case progression deadlines. Accordingly,

　　　　**IT IS ORDERED** that the parties' Unopposed Motion to Extend Certain Pre-trial Deadlines ([Filing No. 58](#)) is granted, and the following case progression deadlines shall apply:

1) The jury trial of this case remains set to commence before John M. Gerrard, Chief United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at **9:00 a.m.** on **October 7, 2019**, or as soon thereafter as the case may be called, for a duration of ten (10) trial days. This case is subject to the prior trial of other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference remains scheduled before the undersigned magistrate judge on **September 16, 2019**, at **11:00 a.m.**, and will be conducted in chambers. The parties' proposed Pretrial Conference Order, Non-expert Witness Disclosure and Exhibit List(s) must be emailed to nelson@ned.uscourts.gov, in Word format, by **3:00 p.m.** on **September 9, 2019**.

3) A telephonic conference to discuss the status of case progression and the parties' interest in settlement will be held with the undersigned magistrate judge remains scheduled for **May 31, 2019** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. ([Filing No. 29](#)).

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **April 19, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **May 3, 2019**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

      For the defendants:      **March 22, 2019**
      Plaintiffs' rebuttal:      **April 12, 2019**

6) The deposition deadline is **May 31, 2019**.

7) The deadline for filing motions to dismiss and motions for summary judgment remains **June 11, 2019**.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **July 11, 2019**.

9) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 1st day of February, 2019.

      BY THE COURT:

      s/ Michael D. Nelson
      United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.